FILED
6/27/22 4:08 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| Sanjeev Roy, | : | Case No. 19-21748-GLT |
| | : | |
| Debtor | : | Chapter 13 |

*************************************************************************

| | | |
|---|---|---|
| Sanjeev Roy, | : | |
| | : | Related to Document No. 102 |
| Movant | : | |
| | : | Hearing Date & Time: |
| vs. | : | June 29, 2022 at 10:00 AM |
| | : | |
| | : | |
| U.S. Bank Trust National Association, | : | |
| | : | |
| Respondent | : | |
| | : | |
| And | : | |
| | : | |
| Ronda J. Winnecour, Esquire Chapter 13 Trustee, | : | |
| | : | |
| Respondent | : | |

*************************************************************************

### ORDER CONFIRMING CHAPTER 13 SALE OF PROPERTY
### FREE AND DIVESTED OF LIENS

**AND NOW,** this __27th Day of June____, 2022, on consideration of the *Movants' Motion for Sale of Property Free and Divested of Liens* to **Justin M. Gartner and Katelyn P. Gartner located at 121 Sewickley Farms Circle, Mars PA 16046**, for **$751,000.00**, after hearing held in: (Courtroom A, 54th Floor, 600 Grant Street, Pittsburgh, PA 15219), this date, the Court finds:

1. That service of the notice of Hearing and Order setting hearing on said Motion for private sale of real property free and divested of liens of the above named Respondent, was effected on the following secured creditor whose liens are recited in said Motion for private sale, viz:

| DATE OF SERVICE | NAME OF LIEN OR/AND SECURITY |
|---|---|
| | U.S. Bank National Association |
| May 28, 2022 | Attn: Charles G. Wohlrab, Esq. |
| | Robertson, Anschutz, Schneid, |
| | And Crane, LLC |

        9990 Richmond Avenue
        Suite 400 South
        Houston, TX 77042
        Collateral – real property located at 121
        Sewickley Farms Circle, Mars, PA 16046


May 28, 2022        Ronda J. Winnecour, Chapter 13 Trustee
        Suite 3250, US Steel Building
        600 Grant Street
        Pittsburgh, PA 15219

    2. That sufficient general notice of said hearing and sale, together with the confirmation hearing thereon, was given to the creditor(s) and parties in interest by the moving party as shown by the certificate of service duly filed and that the named parties were duly served with the Motion.

    3. That a qualifying offer received was that of the above Purchaser(s) and no objections to the sale were made which would result in the cancellation of said sale.

    4. That the price of *$ 751,000.00* offered by *Justin M. Gartner and Katelyn P. Gartner* was a full and fair price for the property in question.

    5. That the Purchaser(s) has acted in good faith with respect to the within sale in accordance with *In re: Abbotts Dairies of Pennsylvania, Inc.*, 788 F2d., 143 (3rd Cir. 1986).

    Now therefore, **IT IS ORDERED, ADJUDGED AND DECREED**, that the sale by General Warranty deed of the real property described as **121 Sewickley Farms Circle, Mars PA 16046** is hereby **CONFIRMED** to ***Justin M. Gartner and Katelyn P. Gartner* for *$751,000.00***, free and divested of the above recited liens and claims, that the Movant is authorized to make, execute and deliver to the Purchaser(s) above named the necessary deed and/or other documents required to transfer title to the property purchased upon compliance with the terms of the sale;

    **IT IS FURTHER ORDERED**, that the above recited liens and claims, be, and they hereby are, transferred to the proceeds of sale, if and to the extent they may be determined to be valid liens against the sold property, that the within decreed sale shall be free, clear and divested of said liens and claims;

    **FURTHER ORDERED** that the following expenses/costs shall immediately be paid at the time of closing. ***Failure of the closing agent to timely make and forward the***

*disbursements required by this Order will subject the closing agent to monetary sanctions*, including among other things, a fine or the imposition of damages, after notice and hearing, for failure to comply with the above terms of this Order.  Except as to the distribution specifically authorized herein, all remaining funds shall be held by Counsel for Movant pending further Order of this Court after notice and hearing.

(1) The following liens/claims:   U.S. Bank National Association.; payoff $199,488.49

(2) Delinquent real estate taxes, Prorated at closing.

(3) Zita Billmann, Realtor Commission of $37,550.00 Plus $595 Administrative Fee;

(4) Current real estate taxes, pro-rated to the date of closing;

(5) Chapter 13 Trustee "[percentage fees" in the amount of $ __TBD__ payable to Ronda J. Winnecour, Chapter 13 Trustee  P.O . Box 2587, Pittsburgh, PA 15230;

(6) (4) Proceeds in the amount of $76,586.00 payable to Ronda J. Winnecour, Ch. 13 Trustee, P.O. Box 84051, Chicago, IL 60689-4002, and which check will include the Debtor's name and bankruptcy case number, and which will be sent with a copy of this Order, which amount, after deduction of Trustee fees, is to be earmarked (hereinafter, the "Earmarked Funds") for payment of 100% of the timely filed and allowed general non-priority unsecured creditors, which amount, in accordance with §349, shall be distributed notwithstanding a subsequent dismissal of this case. Debtor shall have 30 days from the date of this order to file objection(s) to unsecured claims. If an objection is timely filed, the claim shall be put on reserve pending disposition of the objection. If no objection is timely filed, or if an objection is timely filed and the claim is allowed in whole or in part, it shall be deemed allowed in the claim or otherwise allowed amount and paid out of the Earmarked Funds without the need for further Order of Court. Any part of the earmarked funds not needed to pay Trustee fees or allowed unsecured claims may be utilized for general plan funding, including the payment of any allowed and outstanding attorney fees.

**FURTHER ORDERED** that:

1. *Within seven (7) days of the date of this Order*, the Movant shall serve a copy of the within *Order* on each Respondent (i.e., each party against whom relief is sought) and its attorney of record, if any, upon any attorney or party who answered the motion or appeared at the hearing, the attorney for debtor, the Closing Agent, the Purchaser, and the attorney for the Purchaser, if any, and file a certificate of service.

2. ***Closing shall occur within thirty (30) days of this Order.***

3. ***Within seven (7) days following the closing***, the Movant shall file a *Report of Sale*, which shall include a copy of the HUD-1 or other Settlement Statement; and

4. This *Sale Confirmation Order* survives any dismissal or conversion of the within case.

BY THE COURT:

_____
Gregory␣␣Taddonio,    **drb**
United States Bankruptcy Judge

**ENTERED BY DEFAULT**

United States Bankruptcy Court

Western District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 19-21748-GLT |
| Sanjeev Roy | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0315-2 | User: auto | Page 1 of 2 |
| Date Rcvd: Jun 27, 2022 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol       Definition**

\+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 29, 2022:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Sanjeev Roy, 121 Sewickley Farms Circle, Mars, PA 16046-7143 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 29, 2022          Signature:          /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 27, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Brian Nicholas | on behalf of Creditor BAYVIEW LOAN SERVICING  LLC bnicholas@kmllawgroup.com |
| Brian Nicholas | on behalf of Creditor Community Loan Servicing  LLC bnicholas@kmllawgroup.com |
| Charles Griffin Wohlrab | on behalf of Creditor U.S. Bank Trust National Association  not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust c/o U.S. Bank Trust National Association cwohlrab@raslg.com |
| Lawrence W. Willis | on behalf of Debtor Sanjeev Roy ecf@westernpabankruptcy.com  urfreshstrt@gmail.com;willislr88866@notify.bestcase.com |
| Office of the United States Trustee | ustpregion03.pi.ecf@usdoj.gov |
| Ronda J. Winnecour | cmecf@chapter13trusteewdpa.com |

District/off: 0315-2 User: auto Page 2 of 2
Date Rcvd: Jun 27, 2022 Form ID: pdf900 Total Noticed: 1

Stephen Russell Franks
                   on behalf of Creditor JPMORGAN CHASE BANK  N.A. amps@manleydeas.com

TOTAL: 7